IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| NASRA OSMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:21-cv-639 (RDA/WEF) |
| | ) |
| YOUNGS HEALTHCARE, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the parties' Motions *in limine*. Dkt. Nos. 64; 65. This Court dispensed with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); E.D. Va. Loc. Civ. R. 7(J). The Motions are now fully briefed and ripe for disposition. Considering the Motions, together with the parties' oppositions (Dkt. Nos. 67; 68), and Plaintiff's Reply in Support of her Motion *in limine* (Dkt. 69), this Court DENIES Plaintiff's Motion *in Limine* (Dkt. 65) and GRANTS Defendants' Motion *in Limine* in part for the reasons that follow.

I. Plaintiff's Motion *in Limine*

Plaintiff asks the Court to (1) exclude all of Defendants' exhibits due to their failure to disclose their trial exhibits in accordance with the Court's April 20, 2022 scheduling order; (2) preclude Defendants' use of Exhibit 20, which appears to be a compilation of transcripts of Plaintiff's depositions; and (3) preclude Defendants' use of DX-18, which is Plaintiff's Rule 26(a)(1) Disclosure, and Defendants' use of DX-19, which are Plaintiff's Responses to Defendants' Interrogatories.

A. Whether Defendants' Exhibits Should Be Excluded Due to Untimely Disclosure

On April 20, 2022, the Court issued its standard scheduling order. That Order, *inter alia*, provided that the parties had to "electronically file, on or before the final pretrial conference … a list of the exhibits to be used at trial." Dkt. 22 at 1. The Order also required the parties to exchange the actual exhibits with each other before the final pretrial conference. *Id.* The Court warned that if the parties did not disclose their exhibits and exhibit list, they would "not be permitted at trial except for impeachment or rebuttal." *Id.*

The final pretrial conference was held on September 15, 2022. Dkt. 46. At that time, Defendants had filed their exhibit list. Dkt. 41. However, Defendants admit that they did not serve their trial exhibits on Plaintiff until October 28, 2022, over 40 days late. Dkt. 67 at 1; *see also* Dkt. 62 (certificate of service). Plaintiff argues that, pursuant to the Court's April 20, 2022 scheduling order, Defendants were required to serve their trial exhibits on Plaintiff before September 15, 2022. Because Defendants failed to do so, she argues, all of Defendants' exhibits should be excluded.

This Court has broad discretion to set case deadlines. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). In this case, the Court set—as it does in all civil cases—a deadline for the parties to exchange exhibits that was tied to the final pretrial conference. There is good reason and justification for the deadlines. Defendants do not contest that their disclosure of exhibits was untimely, as they served their exhibits nearly six weeks after the final pretrial conference. Dkt. 67 at 1.

Because it is undisputed that Defendants' disclosure was untimely, the Court must now determine whether it is appropriate to preclude Defendants from using any exhibits at trial. This analysis is guided by the following factors: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing

the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence." *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014).[1]

None of these factors weigh in favor of excluding all of Defendants' exhibits. Plaintiff does not claim any "surprise," nor could she: most of the exhibits appear to be her own documents. There is also no suggestion that any of Defendants' exhibits were not produced in discovery. Moreover, any "surprise" was cured by Defendants' October 28, 2022 service of those exhibits. That service was effectuated almost four months before trial, and Plaintiff has had ample time to review the exhibits, meaning that trial would not be disrupted by allowing Defendants to use those documents. The evidence that Plaintiff seeks to exclude is certainly important: it would be difficult for Defendants to put on a case without any of their exhibits. Finally, while Defendants' untimely disclosure is not excusable, there is no indication that they acted in bad faith in providing the exhibits late.[2]

Plaintiff has not shown that Defendants late disclosure of exhibits is prejudicial nor that she is surprised by their use; moreover, any late disclosure is harmless. Accordingly, the Court will not preclude Defendants from using those late-disclosed exhibits.

---

[1] The factors discussed by *Wilkins* were done so in the context of exclusion pursuant to Federal Rule of Civil Procedure 37(c)(1), which deals with failures to disclose information pursuant to Rule 26. Defendants' noncompliance with the Court's April 20, 2022 scheduling order is akin to a Rule 26 non-disclosure, and so the Court finds it appropriate to apply them here.

[2] Both parties are reminded of their obligations to comply with the Court's orders. They should make sure to carefully review the Court's January 10, 2023 trial order, which is relevant to the trial scheduled for February 21.

B. Defendants' Exhibit 20

Plaintiff also asks the Court to preclude Defendants' use of Exhibit 20.  Exhibit 20 appears to be multiple "Deposition Transcripts of Nasra Osman[,]" the Plaintiff.  Dkt. 52.  Plaintiff argues that the exhibit should be excluded because "it is the entire deposition transcript of Plaintiff with all objections and colloquies unredacted without identifying the portions that [are] going to be read into [the record]."  Dkt. 65.  Defendants argue that there is no "legal basis" for excluding the document, as the testimony was taken pursuant to Federal Rule of Civil Procedure 30(c)(1).  Dkt. 68 at 2.

The Court does not find it appropriate to categorically exclude Plaintiff's deposition transcripts at this juncture.  To be sure, if Defendants seek to offer Exhibit 20 into evidence at trial, they must establish that using it comports with the Federal Rules of Evidence and with Federal Rule of Civil Procedure 32, which governs the use of depositions in court proceedings.  They must also comply with Local Civil Rule 30(F) before presenting the depositions as evidence.  At this point, however, the Court finds it premature to exclude Defendants' use of Exhibit 20, as Plaintiff has not identified non-compliance with the relevant rules.  Plaintiff is not precluded from re-raising any objections to Defendants' use of Exhibit 20 at trial.[3]

C. Defendants' Exhibits 18 and 19

Plaintiff initially objected to Defendants' use of Exhibits 18 and 19, Dkt. 65 at 2, but later withdrew that objection so long as the "exhibits as identified by Defendants be admitted into evidence[,]" Dkt. 69 at 1.  For those exhibits to be admitted, the parties must comply with the

---

[3] The Court reminds the parties that "it is preferred for the finder of fact to observe live testimony of [witnesses,]" rather than review depositions. *ThroughPuter, Inc. v. Microsoft Corp.*, No. 3:21-cv-216, 2022 WL 874319, at *12 (E.D. Va. Mar. 23, 2022) (cleaned up).
.

4

relevant evidentiary rules at trial; accordingly, it is not proper for them to be admitted at this time. At this point, Plaintiff has not identified any rule that bars Defendants from using those exhibits at trial. As a result, Defendants are not precluded from using Exhibits 18 and 19 at trial, but Plaintiff may re-raise any objections at trial.

## II. Defendants' Motion *in Limine*

Defendants ask the Court to (1) exclude Plaintiff's Exhibit 3 as inauthentic hearsay; (2) preclude Plaintiff's use of Exhibits 7, 8, and 10 as inauthentic hearsay documents that were not produced in discovery; (3) preclude Plaintiff's use of two witnesses for noncompliance with Rule 26(a)(1); (4) exclude Plaintiff's communications with the U.S. Department of Labor; and (5) exclude Plaintiff's damages from before May 24, 2018.

As a threshold matter, Plaintiff recycles her previous argument in opposing Defendants' motion *in limine*: Defendants filed their objections to Plaintiff's exhibits on September 29, 2022, Dkt. 51, even though they were due on September 26, 2022 under the Court's initial Scheduling Order, Dkt. 22. There is no indication that Plaintiff is prejudiced by Defendants' objections being three days late, as she has had over four months to consider them. Indeed, Plaintiff responded to the substance of each of Defendants' objections. As a result, the Court does not find that Defendants waived their objections by filing them three days late.[4]

### A. Plaintiff's Exhibit 3

Defendants ask the Court to exclude Plaintiff's Exhibit 3 as inauthentic hearsay. They claim that it is not clear who prepared the document, which is a "calendar with hand-written markings." Dkt 64 at 1. Plaintiff responds by claiming this is an admissible summary pursuant to

---

[4] Defendants have flouted multiple deadlines set by this Court, and the Court does not take that lightly. The Court is mindful of that repeated failure and expects Defendants to comply with this Court's orders and the relevant rules before and at trial.

Federal Rule of Evidence 1006, and that the hand-written markings were created by Plaintiff's attorney. Dkt 67 at 2.

Defendants have not identified why this document is inadmissible pursuant to the hearsay or authenticity rules. At trial, Plaintiff must satisfy Federal Rule of Evidence 901 to show that the exhibit is authentic, but Defendants have not sufficiently shown that Plaintiff will be unable to do so. For example, Plaintiff may be able to offer the "Testimony of a Witness with Knowledge" to support a finding that the item is what Plaintiff claims it is. Fed. R. Civ. P. 901(b)(2). This document is also not hearsay. The marked-up calendar is not a "statement" that anyone made outside of Court, meaning it is not covered by the hearsay rules. Fed. R. Civ. P. 801(c)(1).[5]

### B. Plaintiff's Exhibits 7, 8, and 10

Defendants also ask the Court to exclude Plaintiff's Exhibits 7, 8, and 10 as inauthentic hearsay. They further argue that the documents were not produced during discovery and should also be excluded for that reason. Plaintiff responds by emphasizing that those exhibits were disclosed during Defendant Young Shin Lee's deposition, and that they are admissible summaries pursuant to Federal Rule of Evidence 1006.

Defendants have not offered a specific reason why Exhibits 7, 8, and 10 are inadmissible. Plaintiff must satisfy the relevant authenticity rules at trial, but there is no indication at this time that she will be unable to show that those exhibits are authentic. There is also no indication that these exhibits are hearsay, as Defendants describe them as "summary tables." Dkt. 64 at 1.

Defendants can offer certain challenges to Plaintiff's Exhibits 7, 8, and 10 at trial. Since these are summary tables, they must "be an accurate compilation …, based on records that are

---

[5] Plaintiff claims this is a summary pursuant to Federal Rule of Evidence 1006. It is not clear to the Court that this calendar is a "summary" that is covered by Rule 1006. Nevertheless, Rule 1006 has no bearing on whether the document is authentic or not.

admissible and that have been provided to the opposing party …, and sometimes[,] they must be produced in court." *City of Huntington v. AmerisourceBergen Drug Corp.*, No. 3:17-1362, 2021 WL 2907893, at*4 (S.D. W. Va. July 9, 2021) (citing *United States v. Janati*, 374 F.3d 263, 272 (4th Cir. 2004)).  At this point, Defendants have offered no evidence that those summary tables are not compliant with those requirements.  Defendants are not precluded from raising an objection that the tables do not meet the mandates of Rule 1006 at trial, nor are they from raising any authenticity objections at that time.[6]

### C. Plaintiff's Witnesses

Defendants also move the Court to exclude two of Plaintiff's witnesses: Aould Wais and Cheryl Kertgate.  They argue that both witnesses were not properly disclosed pursuant to Rule 26(a)(1).  Apparently, Wais was not disclosed at all, while Kergate's address was not disclosed, nor was her "information disclosed with sufficient specificity[.]" Dkt. 64 at 2.  Plaintiff argues that Aould Wais was disclosed in her answer to Defendants' Interrogatories, and that Cheryl Kertgate was disclosed in both the answer to Defendants' Interrogatories and in the 26(a)(1) disclosures.

Under Rule 26(a)(1), each party must provide the name and contact information of "each individual likely to have discoverable information-along with the subjects of that information-that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i).  Those disclosures must be supplemented "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been

---

[6] Defendants seem to argue that because the tables themselves were not produced during discovery, they cannot be used.  But that is not the requirement for summary tables: Defendants only need to have had the ability to examine the underlying data to be able to bring any purported inaccuracies to light.  *City of Huntington*, 2021 WL 2907893, at *3.

made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e). If a party fails to comply with either rule, "then [she is] prevented from using that witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). The non-complying party bears the burden of showing its failure to comply with Rule 26 was "substantially justified or is harmless" under Federal Rule of Civil Procedure 37. *Reed v. Wash. Area. Metro. Transit Auth.*, No. 1:14-cv-65, 2014 WL 2967920, at *2 (E.D. Va. July 1, 2014).

### 1. Aould Wais

Plaintiff admits that she did not disclose Aould Wais in her Rule 26(a)(1) disclosures. Instead, she contends that her identification of Mr. Wais in her response to Defendants' First Interrogatory was sufficient. Dkt. 64-4 at 1. Defendants' First Interrogatory asked Plaintiff to "[i]dentify all persons who supplied information used in answering these interrogatories and for each such person, state the scope of his or her knowledge." *Id.* Plaintiff's response was, *inter alia*: "Aouled Wais: he gave rides to Plaintiff to the patient."

Plaintiff cannot meet its burden to show that its omission of Aouled Wais was substantially justified or harmless pursuant to Rule 37(c). Plaintiff only argues that her omission was harmless, relying on her identification of Aouled Wais in an interrogatory response. However, that interrogatory asked Plaintiff to identify "who supplied information used in *answering [the] interrogatories*."[7] Dkt. 64-4 at 1. That is different from a 26(a)(1) disclosure, which identifies individuals that have "discoverable information … that the [party] may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i).

---

[7] Plaintiff only devotes a single line to its argument about why Wais should not be excluded: there is no other discussion of why the omission was substantially justified or otherwise harmless. Dkt. 67 at 2

8

"A party's ability to order its discovery and select its witnesses for deposition is prejudiced by another party's failure to make sufficient Rule 26(a)(1) disclosures." *Reed*, 2014 WL 2967920, at *4. Because of Plaintiff's non-disclosure, Defendants did not know that Mr. Wais had knowledge relevant to the case; they only knew that he assisted with answering the interrogatories. It would be shift the obligation under the Rule to require Defendants to know that Mr. Wais had discoverable information because he was listed as assisting with the interrogatories, and it would excuse Plaintiff's violation of Rule 26 and instead place the burden on Defendants. *See Leahy v. Computer Sciences Corp.*, 1:14-cv-665, 2015 WL 845659, at *2 (E.D. Va. Feb. 25, 2015) (excluding witness who was not identified pursuant to Rule 26, even though witness had been discussed by various witnesses in depositions). Indeed, when asked who she intended to call at trial in a subsequent interrogatory, Plaintiff *did not* identify Mr. Wais. Dkt. 64-4 at 2. It would be unfair to Defendants to ask them to interpret Plaintiff's conflicting interrogatories when Plaintiff could have cured its own failure by complying with Rule 26.

The *Wilkins* factors, *supra* at 1-2, also weigh in favor of exclusion. It is reasonable for Defendants to be surprised that Mr. Wais is being offered as a witness in the case, as they only believed he was relevant to Plaintiff's interrogatory responses until Plaintiff filed her witness list. There is no ability to cure that surprise, as Defendants cannot now depose Wais and/or serve him with written discovery. It is unclear to the Court how important Wais's testimony is or how much his testimony would disrupt the trial; however, it is the non-disclosing party's burden to show whether those factors are in her favor, and Plaintiff has offered nothing showing that this evidence is important and would not disrupt the trial. *Leahy*, 2015 WL 845659 at *2. Finally, Plaintiff has offered no explanation why Mr. Wais was not disclosed pursuant to Rule 26.

Because Plaintiff has not shown that her noncompliance with Rule 26 as to Mr. Wais was not substantially justified or harmless, he is precluded from testifying at trial. Fed. R. Civ. P. 37(c)(1).

### 2. Cheryl Kertgate

Defendants also ask the Court to exclude Cheryl Kertgate from testifying. They argue that she was not properly disclosed because Plaintiff did not provide her address and because her "subject of information was not disclosed with sufficient specificity." Dkt. 64 at 2.

Plaintiff's non-disclosure of Ms. Kertgate's address is not a violation of Rule 26. Rule 26 requires a party to disclose "the name and, *if known*, the address and telephone number of each individual likely to have discoverable information." Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added). Plaintiff's Rule 26 disclosures indicated that she did not know Ms. Kertgate's address, and there is no indication she knew the address and still refrained from providing it. Dkt. 64-3. That failure to provide her address is not a Rule 26 violation.

While Plaintiff's description of the "subjects of [the] information" that Ms. Kertgate has knowledge of is somewhat vague, it does not constitute a Rule 26 violation. Fed. R. Civ. P. 26(a)(1)(A)(i). Plaintiff disclosed that Ms. Kertgate had "[k]nowledge related to facts of the employment of the Plaintiff with the Defendant," which was the same as her disclosures for Ms. Lee,[8] one of the Defendants, and "Kimberly." Dkt. 64-3 at 1-2. That disclosure was sufficient for Plaintiff to meet its obligation to "indicate 'briefly the general topics on which [those disclosed pursuant to Rule 26] have knowledge.'" *Lobato v. Ford*, No. 5-cv-1437, 2007 WL 2593485, at *5 (D. Colo. Sep. 5, 2007) (quoting Advisory Committee Notes to 1993 Amendments

---

[8] Defendants do not seek to exclude Ms. Lee.

10

to Rule 26(a)(1)(A)). Accordingly, Plaintiff did not violate Rule 26 in her disclosure of Ms. Kertgate.

Even assuming Plaintiff did violate Rule 26 with such a general disclosure of Ms. Kertgate's knowledge, that violation would be harmless under *Wilkins*. Defendants should not be surprised that Ms. Kertgate is testifying, as she was listed on the Rule 26 disclosures. Moreover, Defendants could have cured that theoretical surprise by choosing to depose Ms. Kertgate or asking for a more detailed disclosure; it would not disrupt the trial for Plaintiff to call Ms. Kertgate, as she identified Ms. Kertgate as a potential witness in her interrogatory responses, Dkt. 64-4 at 1-2; and Plaintiff does not appear to have any reason to know its disclosure was insufficient, as Defendants did not ask her to provide what Ms. Kertgate knew with further specificity.[9] Accordingly, the Court will not preclude Ms. Kertgate from testifying.

### D. Plaintiff's Communications with the Department of Labor

Defendants also move the Court to exclude Plaintiff's communications with the Department of Labor. Defendants point to Plaintiff's refusal to produce her communications with the DOL due to attorney-client privilege. Dkt. 64 at 2. Plaintiff asserts that she only intends to present her DOL communications for impeachment or rebuttal.

It is axiomatic that a party cannot withhold documents on the grounds of attorney-client privilege and then use those same documents at trial. As a result, courts routinely deny parties who attempt to use documents they withheld in discovery due to privilege. *See, e.g.*, *Steward v. Smith*, No. SA-10-CA-1025, 2018 WL 11361754, at *4 (W.D. Tex. July 31, 2018) ("If Defendants withhold documents based on assertions of privilege, Defendants will not be allowed

---

[9] It is unclear which way the "weight of the evidence" factor cuts. However, the other four factors clearly cut in Plaintiff's favor.

to use such documents at the time of trial."); *RL BB Fin., LLC v. Robinette*, No. 3:11-cv-49, 2013 WL 11521681, at *3 (E.D. Tenn. Mar. 26, 2013) (holding that a party could not withhold information on privilege grounds during discovery and then attempt to use it as evidence). Put simply, Plaintiff cannot have it both ways: she cannot refuse to produce documents due to attorney-client privilege and then turn around and waive the privilege if she needs to for impeachment or rebuttal purposes. Having asserted privilege over its communications with the Department of Labor, Plaintiff is precluded from using those communications at trial, even for rebuttal or impeachment purposes.

### E. Evidence of Damages Before May 24, 2018.[10]

Finally, Defendants argue that any evidence of damages before May 24, 2018 should be excluded. They argue that the applicable statute of limitations is three years, meaning that any claims that arose more than three years before Plaintiff filed suit are time-barred. For the reasons stated in the Court's Opinion addressing Defendants' Motion for Partial Summary Judgment, the applicable statute of limitations is three years. Accordingly, evidence of damages from before May 24, 2018 is irrelevant, and Plaintiff is precluded from using such evidence at trial.

### IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED Plaintiff Nasra Osman's Motion in Limine is DENIED and Defendants' Motion *in Limine* is GRANTED-IN-PART and DENIED-IN-PART.

The Clerk is directed to forward copies of this Order to counsel of record.

It is SO ORDERED.

Alexandria, Virginia
February 16, 2023

/s/
Rossie D. Alston, Jr.
United States District Judge

---

[10] The original Complaint was filed on May 24, 2018.